IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Paul Jonjak, an individual,
XBO, LLC, a Colorado limited liability company,
ThinkVillage-KIWI, LLC, a Colorado limited liability company,

      Plaintiffs,

v.

Donavan Poulin, an individual, and KIWI International, a United Kingdom limited corporation.

      Defendants.

## COMPLAINT AND JURY DEMAND

The Plaintiffs Paul Jonjak ("Mr. Jonjak"), XBO, LLC, ("XBO"), and ThinkVillage-KIWI, LLC, ("TVK") (collectively "Plaintiffs"), through their counsel, state the following for its Complaint against Defendants Donavan Poulin ("Mr. Poulin") and KIWI International, a United Kingdom limited corporation ("Kiwi") (collectively, "Defendants"):

### INTRODUCTION

1. This action is for declaratory relief for the enforcement of the terms and conditions of an Agreement the parties reached on June 17, 2010, concerning resolution of, and option to purchase, certain membership interests in TVK ("June 17 Agreement").

2. TVK is a Colorado limited liability company and is the owner of certain intellectual property rights, including rights in pending patent applications, relating to, among

other things, products or services for designing and testing on a personal computer Flash or Flash Lite content for mobile devices ("Intellectual Property").

3. Mr. Jonjak is a Colorado resident and is a member and the manager of TVK.

4. XBO is a Colorado limited liability company and a member of TVK.

5. Mr. Poulin is a resident of British Columbia, Canada and is the inventor of the Intellectual Property. Mr. Poulin assigned the Intellectual Property to TVK, and is the sole shareholder and director of KIWI.

6. KIWI is a United Kingdom limited corporation and assigned any rights it had in the Intellectual Property to TVK.

7. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Complete diversity exists and the amount in controversy exceeds $75,000. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 as substantially all of the events giving rise to the claim in this case occurred in Colorado. Personal jurisdiction exists over the Defendants pursuant to C.R.S. § 13-1-124 as the Defendants conducted business in Colorado and substantially performed the services described in this Complaint in Colorado. The funds in dispute are on deposit in Colorado.

## FACTUAL ALLEGATIONS

8. On June 25, 2008, Mr. Jonjak, XBO, and Mr. Poulin entered into the Amended and Restated Operating Agreement for TVK ("Operating Agreement"). Under that Operating Agreement, Mr. Jonjak owns 2% of the membership interests in TVK; XBO owns 49% of the membership interests in TVK; and Mr. Poulin owns 49% of the membership interests in TVK.

9. In 2008, TVK filed suit against Adobe Systems, Inc and Adobe Macromedia Software LLC (collectively "Adobe") for, among other things, trade secret misappropriation, common law misappropriation, breach of contract, breach of fiduciary duty, and federal and state unfair competition in the case styled *ThinkVillage-Kiwi LLC v. Adobe Systems, Inc. and Adobe Macromedia Software LLC,* United States District Court for the Northern District of California, Case No. CV 08 4166 SI (the "Litigation").

10. Effective as of May 13, 2010, TVK and Adobe entered into an Intellectual Property License and Settlement Agreement ("Adobe Settlement Agreement") under which the parties settled the Litigation and entered into the sale to Adobe of Trade Secrets and provided for certain license arrangements for the Intellectual Property. TVK was fully authorized to enter into this Settlement Agreement pursuant to the terms of the Operating Agreement.

11. Following the Adobe Settlement Agreement, on June 17, 2010, TVK, Mr. Poulin, XBO, Mr. Jonjak, and KIWI entered in an agreement under which Mr Poulin agreed that, in exchange for his waiver of any further amounts from TVK, he would receive $1 million and an option for 120 days to purchase TVK for $1 million.

12. Specifically, under the June 17 Agreement, the parties agreed that, among other things, rather than distribute proceeds from the Adobe Settlement Agreement according to membership percentages as provided in the Operating Agreement, TVK would pay Mr. Poulin $1 million (less taxes and other adjustments), in exchange for which TVK would redeem from Mr. Poulin, and Mr. Poulin would forego, his membership interests in TVK. Additionally, under the June 17 Agreement, Mr. Poulin was given an option to purchase 100% of the membership

3

interests in TVK for $1 million ("Option"), as long as he executed that option within 120 days of the execution of the Settlement Agreement.

13. Thus, the June 17 Agreement left XBO and Mr. Jonjak with little proceeds from the Adobe Settlement Agreement while it gave Mr. Poulin virtually all of the membership proceeds derived from the settlement. The June 17 Agreement, however, structured a separation of the parties under which either (1) Mr. Jonjak and XBO would own 100% of the membership interests in TVK so that Mr. Poulin would not receive any further amounts from TVK, or (2) Mr. Poulin, if he exercised his Option, would own 100% of TVK. At the end of the day, either Plaintiffs or Defendants would own 100% of TVK with the accompanying Intellectual Property, and there would be no further lingering relationship between the parties. The parties further agreed to waive and release all claims between Plaintiffs and Defendants.

14. The parties agreed that the June 17 Agreement would be documented and executed by July 2, 2010. On July 1, 2010, Plaintiffs prepared and provided to Defendants for execution an agreement pursuant to the June 17 Agreement (the "July 1 Memorialization"). A copy of the July 1 Memorialization is attached as Exhibit A and incorporated herein by reference. A copy of the June 17 Agreement is attached as Exhibit B and incorporated herein by reference.

15. Despite the parties' Agreement, Mr. Poulin and KIWI refused to execute the July 1 Memorialization. Instead, Mr. Poulin claimed, for the first time, that the June 17 Agreement did not include the redemption of his interests in TVK and that he simply received a disproportionate amount of the Adobe proceeds and the Option because he wanted them. Mr.

Poulin's position is contrary to the parties' June 17 Agreement and common sense.  Under Mr. Poulin's theory, he received the funds and Option for, in essence, nothing.

## DECLARATORY CLAIM FOR RELIEF
(Declaratory Judgment)

16. Plaintiff incorporates all previous paragraphs herein.

17. The June 17 Agreement is a valid and enforceable contract.  The Agreement provides, among other things, the terms and conditions for the payment of the $1 million, the redemption of Mr. Poulin's interests in TVK, and Mr. Poulin's Option to purchase 100% of TVK.

18. Contrary to the parties' June 17 Agreement, Mr. Poulin claims that he is not obligated to redeem his interests in TVK in exchange for the $1 million and Option.  As a result of the dispute, Defendants have refused to execute the July 1 Memorialization, forego Mr. Poulin's membership interests in TVK, and threatened suit against Plaintiffs.

19. An actual and justiciable controversy exists between Plaintiffs and Defendants concerning the parties' respective rights and obligations under the June 17 Agreement, and in particular whether Mr. Poulin agreed to forego his interest in TVK for the $1 million payment and Option.

## JURY DEMAND

Plaintiffs request a jury on all issues so triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief in favor and against Defendants:

A. For a declaration and judgment that the June 17 Agreement requires Mr. Poulin to forego his interests in TVK in exchange for the $1 million payment and Option; or in the

alternative, if no meeting of the minds was reached under the June 17 Agreement, then the $1 million remains for use and/or distribution by TVK pursuant to the Operating Agreement.

B.  For an entry of judgment for any and all costs, expenses, and attorneys' fees incurred by Plaintiffs in this action; and

C.  For such other and further relief as this Court deems appropriate.

Respectfully submitted this 16th day of July 2010.

*s/* Peter J. Korneffel, Jr.
Peter J. Korneffel, Jr.
Kathryn R. Rothman
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Telephone:  303.233.1100
Email: pkorneffel@bhfs.com
         krothman@bhfs.com

Attorneys for Plaintiffs

Plaintiffs' Address:

Paul Jonjak
XBO, LLC
ThinkVillage-KIWI, LLC
10437 Goosehaven Drive
Lafayette, CO 80026

13882\2\1425927.2