## BINDING TERM SHEET

This binding term sheet (the "Binding Term Sheet" or "Agreement") is entered into by the parties whose signatures appear at the end of this document, and is effective as of October 15, 2010. It is intended to be a binding contract that is enforceable by any party concerning its subject matter. The parties understand and agree that they will enter into a final agreement (the "Final Agreement") that contains additional terms and the Assignments contemplated by this Agreement, but no terms in that Final Agreement can alter any terms contained in this Agreement. The parties agree to have their respective signatures notarized on the Final Agreement. If there is any dispute between the Final Agreement and this Agreement the terms of this Agreement will be controlling.

Certain terms used in this Agreement shall have the following meanings:

ThinkVillage-Kiwi LLC (hereafter "TVK"); XBO LLC (hereafter "XBO"); Donavan Poulin (hereafter "Mr. Poulin")

"Patents" and "Patent Application" shall include: 60/689,101, 11449958, 61/152,934, 12705913 and 12759543 (hereafter "Patents" and/or "Patent")

"IP" and "Intellectual Property" shall include: Current and Future Patents, copyrights, trademarks or other interests or proprietary rights.

"Conveyed", "Conveyances" and "Assignments" as it pertains to the Intellectual Property and Patents shall include the transfer of the entire worldwide right, title, and interest in and to: (a) the Patent Application, including any right of priority; (b) any non-provisional, divisional, continuation, substitute, renewal, reissue, and other related applications which have been or may be filed in the United States or elsewhere in the world; and (c) any patents which may be granted on the applications set forth in (a) and (b) above.

"Tax" or "Taxes" shall include: State and Federal taxes

The Terms of the Agreement are as follows:

- 100% of the rights in the patents and IP will be conveyed to Mr. Poulin after execution of the Final Agreement by all parties to this Agreement
- Mr. Poulin will receive a $40,000 distribution subject to all taxes and withholdings for the payment.
- Mr. Poulin will receive TVK's files and materials relating to the Patents and IP, Mr. Poulin's external hard drive, the 486 computer shell, and Apple Claim chart.
- TVK will pay the $21,500 to Dr. Stevenson and the $8,500 to Bob Stumpf subject to Mr. Poulin providing TVK with complete releases from these parties for any further claims.
- Mr. Poulin will not be entitled to any further funds from TVK, and ~~my clients~~ XBO and Paul Jonjak will be entitled to all the remaining funds in TVK, including the remainder of the $1 million under the June 17 Agreement after the above payments to Mr. Poulin, Dr. Stevenson, and Mr. Stumpf.
- We agree that each party will be responsible for its own taxes and subject to any Federal and/or State withholding requirements.

- ~~A full and complete separation and mutual release between the parties with a dismissal with prejudice of the Colorado lawsuit and covenants not to sue. These releases will extend to the Parties' officers, directors, employees, agents and attorneys.~~ The Colorado Lawsuit between the parties shall be dismissed with prejudice and covenants not to sue, upon execution of the Final Agreement by all parties to this agreement. Between the time this Binding Term Sheet is Executed and the Final Agreement is executed the parties shall contact the District Court in Colorado to advise the Court of the settlement and to ask that all pending dates be continued for thirty days. If the Court will not continue the pending dates for thirty days the parties will stipulate to a stay of the action pending execution of the Final Settlement Agreement. The parties, moreover, warrant and represent that there are no other lawsuits filed in any court between them or that relate to the subject matter of the Colorado Lawsuit, and if a lawsuit or lawsuits exist they will be dismissed with prejudice upon execution of the Final Agreement by all parties to this Agreement. Each party to this agreement on behalf of itself and its Affiliates hereby irrevocably and unconditionally releases and discharges all other parties and the Affiliates and their predecessors and successors in interest, and their respective officers, directors, members, members of members, members of members of members, members of members of members or members, employees, insurers, attorneys, agents and other representatives from all claims and liabilities arising in whole or in part as of or prior to the Effective Date. 'Affiliate means, as to an Identified Person, any other Person that directly or indirectly controls, is controlled by, or is under common control with such identified Person, whether by ownership or control of voting securities, contract, or otherwise. The language of the previous two sentences shall be incorporated into the Final Agreement.
- ~~We~~ TVK, XBO and Paul Jonjak are willing to discuss the appropriate manner for the conveyances and wind down of TVK. At this stage, it looks like the best mechanism may be to structure the agreement to wind down TVK as of June 17, to redeem Mr. Poulin's shares as of that date, and to convey the Patents, IP, payment, and materials described above directly to Mr. Poulin as part of that wind down and redemption. The company would then be dissolved under the current management with any remaining distributions to ~~my clients~~ XBO and Paul Jonjak.

**Additional Terms:**

1) The Parties agree that all Patents and Intellectual Property Assignments will be made to Mr. Poulin and the Final Agreement effectuated within ~~ten days~~ fifteen business days from the effective date of this Agreement, or as soon thereafter as practicable.

2) TVK will be dissolved within sixty days from the effective date of this Agreement.

3) Each party warrants and represents that the individual signing this Agreement is authorized to enter into this Agreement and to fully effectuate its terms and each party also represents that except for as expressly set forth in this Agreement all Assignments and Conveyances contemplated by this Agreement are free and clear of all liens, debts, or encumbrances of any kind.

**ACCEPTED AND AGREED TO:**

*[signature]*

Dated: October 15, 2010

_____
Paul Jonjak

Dated: October 15, 2010

*[signature]*
Donavan Poulin

Dated: October 15, 2010

ThinkVillage-Kiwi, LLC

By: _____

Dated: October 15, 2010

XBO, LLC

By: _____

Dated: October 15, 2010

Kiwi International Ltd.

By: *[signature]*

Case 1:10-cv-01697-MSK-KMT   Document 27-1   Filed 11/09/10   USDC Colorado   Page 4 of 6

## BINDING TERM SHEET

This binding term sheet (the "Binding Term Sheet" or "Agreement") is entered into by the parties whose signatures appear at the end of this document, and is effective as of October 15, 2010. It is intended to be a binding contract that is enforceable by any party concerning its subject matter. The parties understand and agree that they will enter into a final agreement (the "Final Agreement") that contains additional terms and the Agreement contemplated by this Agreement, but no terms in that Final Agreement can alter any terms contained in this Agreement. The parties agree to have their respective signatures notarized on the Final Agreement. If there is any dispute between the Final Agreement and this Agreement, the terms of this Agreement will be controlling.

Certain terms used in this Agreement shall have the following meanings:

TrainVillage-Ken LLC (hereafter "TVK"); XRO LLC (hereafter "XRO"); Georges Poulin (hereafter "Mr. Poulin")

"Patents" and "Patent Application" shall include: 60/849,181, 11/849363, 61/152,914, 12/385915 and 12738041 (hereafter "Patents" and/or "Patent")

"IP" and "Intellectual Property" shall include: Current and Future Patents, copyrights, trademarks or other invention or proprietary rights.

"Conveyed", "Conveyance" and "Assignment" as it pertains to the Intellectual Property and Patents shall include the transfer of the entire worldwide right, title, and interest in and to (a) the Patent Application, including any right of priority; (b) any non-provisional, divisional, continuation, substitute, renewal, reissue, and other related applications which have been or may be filed in the United States or elsewhere in the world; and (c) any patents which may be granted on the applications set forth in (a) and (b) above.

"Tax" or "Taxes" shall include State and Federal taxes.



The Terms of the Agreement are as follows:

- 100% of the rights in the patent and IP will be conveyed to Mr. Poulin after execution of the Final Agreement by all parties to this Agreement.
- Mr. Poulin will receive a $40,000 distribution subject to all taxes and withholdings for the purposes.
- Mr. Poulin will receive TVK's files and materials relating to the Patent and IP, Mr. Poulin's external hard drive, the G5 computer shell, and Apple Cinema Display.
- TVK will pay the $21,500 to Dr. Stevenson and the $4,500 to Bob Starzel subject to Mr. Poulin providing TVK with complete releases from those parties for any further claims.
- Mr. Poulin will not be entitled to any further funds from TVK, and XRO and Paul Arzich will be entitled to all the remaining funds in TVK, including the remainder of the $1 million under the June 17 Agreement after the above payments to Mr. Poulin, Dr. Stevenson, and Mr. Starzel.
- We agree that each party will be responsible for its own taxes and subject to any Federal and/or State withholding requirements.

- That Colorado lawsuit between the parties shall be dismissed with prejudice and covenant not to sue, upon execution of the Final Agreement by all parties to this agreement. Between the time this Binding Term Sheet is executed and the Final Agreement is executed the parties shall contact the district Court in Colorado to advise the Court of the settlement and to ask that no pending dates be continued for thirty days. If the Court will not continue the pending dates for thirty days the parties will stipulate to a stay of the action pending execution of the Final Settlement Agreement. The parties, acknowledge, warrant and represent that there are no other lawsuits filed in any court between them or that relate to the subject matter of the Colorado lawsuit, and if a lawsuit or lawsuits exist they will be dismissed with prejudice upon execution of the Final Agreement by all parties to this Agreement. Each party to this agreement on behalf of itself and its Affiliates hereby irrevocably and unconditionally releases and discharges all other parties and the Affiliates and their predecessors and successors in interest, and their respective officers, directors, members, members of members, members of members of members, members of members of members of members, employees, insurers, attorneys, agents and other representatives from all claims and liabilities arising in whole or in part at or prior to the Effective Date. Affiliate means, as to an identified Person, any other Person that directly or indirectly controls, is controlled by, or is under common control with such identified Person, whether by ownership or control of voting securities, contract, or otherwise. The language of the previous two sentences shall be incorporated into the Final Agreement.

- TVK, TBG and Paul Longia are willing to discuss the respective solution for the conveyances and wind down of TVK. At this stage, it looks like the best mechanism may be to structure the agreement to wind down TVK as of June 17, to redeem Mr. Poulin's shares as of that date, and to convey the Patents, IP, payment, and materials described above directly to Mr. Poulin as part of the wind down and redemption. The company would then be dissolved under the current management with any remaining distribution to TBG and Paul Longia. 

Additional Terms:

1) The Parties agree that all Patents and Intellectual Property Assignments will be made to Mr. Poulin and the Final Agreement effectuated within fifteen business days from the effective date of this Agreement, or as soon thereafter as practicable.

2) TVK will be dissolved within thirty days from the effective date of this Agreement.

3) Each party warrants and represents that the individual signing this Agreement is authorized to enter into this Agreement and to fully effectuate its terms, and each party also represents that except for as expressly set forth in this Agreement, all Judgments and Conveyances contemplated by this Agreement are free and clear of all liens, debts, or encumbrances of any kind.

ACCEPTED AND AGREED TO:

Dated: October 15, 2010

Paul Longia

Dated: October 15, 2010

_____
Rosemary Poulin

Dated: October 15, 2010

TrackWrestling, LLC

By: _____

Dated: October 15, 2010

TBD, LLC

By: _____

Dated: October 15, 2010

Flo International Ltd.

By: _____